UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GHULAM SARWAR d/b/a AR2S MGMT INC. and AR2S MGMT INC., )<br>)<br>Plaintiffs, )<br>)<br>VS. )<br>)<br>GENERAL STAR INDEMNITY COMPANY, )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br><br>3:22-CV-0941-G |

### MEMORANDUM OPINION AND ORDER

Before the court is the defendant General Star Indemnity Company's ("General Star") motion to preclude attorney's fees for the plaintiff. Defendant General Star Indemnity Company's Motion to Preclude Attorneys' Fees ("Motion to Preclude") (docket entry 17). For the reasons below, the motion is **GRANTED**.

### I. BACKGROUND

Ghulam Sarwar and ARS2S MGMT Inc. (collectively, "Sarwar")* purchased property insurance for his five-unit multifamily property from General Star, and on

---

\*        General Star contends that Sarwar is the only named insured on the policy and that ARS2S MGMT Inc. does not have standing to bring this claim. Defendant General Star Indemnity Company's Answer and Defenses to Plaintiff's First Amended Complaint ("Answer") (docket entry 13) ¶ 79. For the purposes of this motion, the court refers to the party as "Sarwar" without reaching that issue.

April 28, 2020, a hailstorm allegedly damaged the insured property.  Plaintiff's First Amended Complaint and Jury Demand ("Complaint") (docket entry 9) ¶¶ 10-15.  Sarwar submitted the claim to General Star, and the parties disputed the value of Sarwar's claim.  Complaint ¶¶ 16-25; Answer ¶¶ 77, 79-80.  In disputing the claim, Sarwar hired Paradise Claims, LLC, ("Paradise Claims") a public adjustment company, to independently assess the damages to the property.  *See* Complaint ¶ 17; *see also* Exhibit A to Plaintiff's Response to Defendant General Star Indemnity Company's Motion to Preclude Attorneys' Fees ("Exhibit A") (docket entry 20-2).  On May 25, 2021, Paradise Claims emailed General Star (hereafter, "the May 2021 email"), requesting an update on the claim on Sarwar's behalf and complaining about Hal Hoyt's, a General Star claims adjuster, responses to the claim.  *See* Exhibit A.  The May 2021 email contained a damages estimate and intimated that General Star was violating "Texas Claims Handing practices" by failing to provide updates on the plaintiffs' claims.  *Id*.

On April 27, 2022, Sarwar filed this action against General Star for breach of contract and breaches of its duty of good faith and fair dealing.  Plaintiff's Original Complaint and Jury Demand (docket entry 1) ¶¶ 46-66.  Sarwar amended his complaint on May 6, 2022.  Complaint.  General Star answered the amended complaint on May 27, 2022.  Answer.

On June 24, 2022, General Star filed the instant motion to preclude Sarwar from recovering attorney's fees. Motion to Preclude at 4-8. General Star contends that Sarwar did not provide adequate pre-suit notice under Texas Insurance Code section 542A.007(d), and therefore, Sarwar cannot recover attorney's fees. *Id.* Sarwar responded to the motion on July 8, 2022, arguing that he provided sufficient notice through the May 2021 email from Paradise Claims to General Star. Plaintiffs' Response to Defendant General Star Indemnity Company's Motion to Preclude Attorneys' Fees ("Response") (docket entry 20) at 3-6. In the alternative, Sarwar argues that notice would have been impracticable because the statute of limitations would potentially expire April 28, 2022, the day after Sarwar filed this action. See *id.* at 6-7. General Star filed its reply to Sarwar's response on July 22, 2022. General Star Indemnity Company's Reply Brief in Support of its Motion to Preclude Attorneys' Fees ("Reply") (docket entry 21). The motion is now ripe for decision.

## II.  ANALYSIS

### A.  Legal Standard

Texas Insurance Code section 542A.003 requires that "not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person." This notice includes:

> (1) a statement of the acts or omissions giving rise to the claim;

- 3 -

> (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and
>
> (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

Tex. Ins. Code § 542A.003(b). Pre-suit notice can be furnished by the claimant or his attorney or other representative, and under those circumstances, the attorney or representative shall "provide a copy of the notice to the claimant" and "include in the notice a statement that a copy of the notice was provided to the claimant." TEX. INS. CODE § 542A.003(c). But pre-suit notice is not required when "the claimant has reasonable basis for believing there is insufficient time to give pre-suit notice before the limitations period will expire" or the claim is asserted as a counterclaim. TEX. INS. CODE § 542A.003(d).

If the claimant fails to provide sufficient notice under section 542.003(b), then the court "may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court." TEX. INS. CODE § 542A.007(d). A party entitled to notice, but which did not receive such notice, must file a pleading with the court within 30 days after the date the defendant files an original answer to preclude attorney's fees. *Id*.

B. <u>Application</u>

The parties do not dispute that General Star was entitled to pre-suit notice, so the court will first address whether the May 2021 email provided General Star adequate pre-suit notice under section 542A.003(b).  Motion to Preclude at 4-5; *see* Response at 2-4.  General Star contends that the Paradise Claims email does not meet any of the statute's elements.  Reply ¶ 7.  For the first element, General Star argues that the May 2021 email contains no details of the acts or omissions allegedly giving rise to the claim.  *Id.*  Sarwar argues that referencing the "Texas Handling practices" in the May 2021 email is sufficient pre-suit notice.  Response at 4.  The court agrees with General Star that the email fails to satisfy the statute's first element.

Section 542A.003(b) requires a "statement of the acts or omissions giving rise to the claim."  The May 2021 email provides the following:

> We are following up on this file.  We requested on site, the inspection photos taken prior to binding coverage.  I requested these photos from Mr. Hoyt because as I exited my car on site, Mr. Hoyt immediately attempted to place the date of loss on a storm that was outside of your policy period.  I explained to Mr. Hoyt that if that is General Star's position, then they would have to substantiate the condition of the building prior to binding coverage.  I also advised Mr. Hoyt that if the building was in questionable condition, it is the carrier's responsibility to provide exclusions of coverage for those questionable conditions upon binding the policy.  From what I can see on the policy, no such exclusions exists and none of the requested photos have been provided to prove the condition of the

> property prior to the date of loss.  Additionally, we have
> received no updates from your company on the status of
> this file which I believe is in violation of the Texas Claims
> Handling practices, which General Star is subject to.  We
> have also not received your engineer's report.  Please find
> attached, the estimate for the damages on site.  Please
> reach out to me so we can discuss.

Exhibit A.  The email does not include the acts or omissions that give rise to the claim.  See *id.*  As held in *Perret*, "[n]otice letters with specific factual allegations supporting the causes of action, or at least enough information to imply those facts, satisfy the notice requirement."  *Perrett v. Allstate Insurance Company*, 354 F. Supp. 3d 755, 758 (S.D. Tex. 2018) (citations omitted).  Instead of "detailing how [the insurer] allegedly breached the insurance contract and the duty of good faith," *id.*, the May 2021 email does not provide any information about Sarwar's claims, *see* Exhibit A.  The email at best implies that there is an insurance dispute, but does not provide any information about the dispute, the policy, or how General Star was acting in bad faith by denying the claim that would facilitate a settlement negociation.  See *id.*  Therefore, Sarwar did not provide adequate pre-suit notice under section 542A.003(b).  Consequently, to recover attorney's fees, Sarwar must show that pre-suit notice was impracticable.

Section 542A.003(d) does not require pre-suit notice when "the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire."  Other courts have concluded that

reasonable basis standard for impracticability is not an easy threshold to satisfy and "ought to be reserved for those instances in which presuit notice genuinely cannot be provided." *Hlavinka Equipment Company v. Nationwide Agribusiness Insurance Company*, 546 F. Supp. 3d 534, 536 (S.D. Tex. 2021) (citations omitted). For this exception to apply, the plaintiff must offer some "reason independent from simply stating that the impending expiration of the limitations period made notice impracticable." *Hospitality Operations, LLC v. Amguard Insurance Company*, No. 1:19-CV00482, 2019 WL 11690209, at *2 (E.D. Tex. Dec. 2, 2019).

Sarwar contends that he filed this action on April 27, 2022, to avoid the expiring statute of limitations, and he argues that he should not be punished for negotiating with General Star to avoid litigation. Response at 6-7. In turn, General Star argues that Sarwar's claim, if any, accrued on December 14, 2020, not on the date of loss, April 28, 2020. Reply ¶¶ 10-11. Thus, General Star argues that Sarwar filed his complaint well within the statute of limitations, and he had opportunity to send pre-suit notice to General Star. *Id*.

Under Texas law, unfair settlement practices claims accrue on the date the insurer denies coverage. *Provident Life & Accident Insurance Company v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). Chapter 541 of the Texas Insurance Code provides a two-year statute of limitations, but Texas law also has a generic four-year statute of limitations for claims involving contractual obligations. *See* TEX. INS. CODE

§ 541.162; *see also* TEX. CIV. PRAC. & REM. CODE § 16.004. If the court assumes *arguendo* that the two-year statute of limitations applies, General Star first denied Sarwar's claim on December 14, 2020, Complaint ¶ 20, and thus, Sarwar had until December 14, 2022, to file suit. Here, Sarwar filed this action on April 27, 2022, nearly nine months before the limitations period would have expired. *See* Complaint. Therefore, it was not impracticable for Sarwar to provide pre-suit notice to General Star.

### III.  CONCLUSION

For the reasons discussed above, General Star's motion is **GRANTED**. If Sarwar recovers attorney's fees in this action, the court may not grant attorney's fees "incurred after the date the defendant files the pleading with the court." TEX. INS. CODE § 542A.007(d). Thus, Sarwar is precluded from recovering attorney's fees incurred after June 24, 2022, the date General Star filed this motion.

**SO ORDERED**.

January 3, 2023.

_____
**A. JOE FISH**
**Senior United States District Judge**